United States District Court
Southern District of Texas
**ENTERED**
March 15, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PMWG PARTNERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-0288 |
| | § | |
| FOREVERBOARD CALIFORNIA, INC., | § § | |
| | § | |
| Defendant. | § | |

### ORDER OF REMAND

Plaintiff, PMWG Partners, LLC, filed this action on December 2, 2020, in the 190th Judicial District Court of Harris County, Texas, under cause number 2020-77313, against defendant, Foreverboard California, Inc., asserting causes of action for negligence and strict liability arising from use of Foreverboard drywall products in construction projects undertaken in Houston, Texas.[1] In pertinent part Plaintiffs' Original Petition identifies the parties as follows:

1. Plaintiff, PMWG PARTNERS, LLC, is a duly organized Texas domestic limited liability company.

2. Defendant, FOREVERBOARD CALIFORNIA, INC., is a California corporation and may be served with process pursuant to the Texas Long Arm Statute and Tex. Civ. Prac. & Rem. Code § 17.042(b) through the Texas Secretary of State, Service of Process, PO

---

[1]Plaintiff's Original Petition, Docket Entry No. 1-2, p. 3 ¶¶ 6-10. Page numbers contained in citations to the Petition and to the parties' briefs refer to the native page numbers at the bottom of the page.

> Box 12079, Austin, Texas 78711. The Texas Secretary of State will then forward the Citation to Defendant, FOREVERBOARD CALIFORNIA, INC.'s Registered Agent, William P. Altmiller, 10305 Salisbury Drive, Bakersfield, California, 93311. Defendant, FOREVERBOARD CALIFORNIA, INC., is not authorized to do business in the State of Texas.[2]

On January 28, 2021, Defendant's Notice of Removal was filed based on diversity of citizenship.[3] Defendant states the basis for removal as follows:

**GROUNDS FOR REMOVAL**

8. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446 because this is a civil action over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a) states that a civil case filed in state court may be removed to federal court if the case could have been originally brought in federal court.

9. This Court has original jurisdiction under 28 U.S.C. § 1332 by reason of diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

10. At the time this action was filed, Plaintiff was, and remains a citizen of the State of Texas. Defendant, Foreverboard California, Inc., was, and remains a foreign for-profit corporation incorporated in California, with its principal place of business in California. Thus, it is a citizen of California.

11. To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the removing party must show that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. In the Original Petition, Plaintiff claims damages of between $200,000 and $1,000,000. Plaintiff

---

[2]Id. at 2-3 ¶¶ 1-2.

[3]Notice of Removal, Docket Entry No. 1, p. 2.

claims damages of over $500,000 and exemplary damages. Therefore, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.[4]

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (per curiam) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" Id. (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968) (per curiam)). Moreover, federal courts are courts of limited jurisdiction, Kokkonen v. Guardian Life Insurance Co. of America, 114 S. Ct. 1673, 1675 (1994), and therefore "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001). Thus, defendant as the party asserting federal jurisdiction, bears the burden to demonstrate complete diversity.

On February 8, 2021, the court issued an Order for Conference and Disclosure of Interested Parties (Docket Entry No. 3), stating in pertinent part:

> **NOTICE TO REMOVING DEFENDANTS:** Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires

---

[4]Id. at 2-3 ¶¶ 8-11.

that all persons on one side of the controversy be citizens of different states from all persons on the other side. Defendant, as the party asserting federal jurisdiction in a removed action, has the burden to demonstrate that there is complete diversity. The citizenship of limited liability companies is determined by the citizenship of their members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. See Mullins v. TestAmerica, Inc., 564 F3d 386, 397-98 (5th Cir. 2009). If the Notice of Removal filed in this action does not show the citizenship of limited liability entities, defendant is **ORDERED** to file an amended notice of removal within twenty days from the entry of this order. The failure of a removing defendant to file a Notice of Removal alleging facts establishing complete diversity of citizenship in an action removed under 28 U.S.C. § 1332 may result in remand of this action by the court on its own initiative without further notice.[5]

Neither Plaintiff's Original Petition nor Defendant's Notice of Removal contains any mention of the members of PMWG PARTNERS, LLC, or their respective states of citizenship. Under Harvey these allegations are not sufficient to establish diversity jurisdiction. Because the Notice of Removal filed in this action did not show the citizenship of the limited liability entity, the court's February 8, 2021, Order for Conference and Disclosure of Interested Parties (Docket Entry No. 3), ordered the defendant "to file an amended notice of removal within twenty days from the entry of this order," and warned defendant that "[t]he failure . . . to file a Notice of Removal alleging facts establishing complete diversity of

---

[5]Docket Entry No. 3, p. 1 ¶ 3.

4

citizenship . . . may result in remand of this action by the court on its own initiative without further notice."[6]  More than twenty days have passed since the court ordered the removing defendant to file an amended notice of removal establishing subject matter jurisdiction, but defendant has failed to file an amended notice of removal.

Accordingly, this action is **REMANDED** to the 190th Judicial District Court of Harris County, Texas, for lack of subject matter jurisdiction.  The clerk of this court is directed to promptly send a copy of this Order of Remand to the district clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 15th day of March, 2021.

                                                       SIM LAKE
                           SENIOR UNITED STATES DISTRICT JUDGE

---

[6] <u>Id.</u>